IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Javier Ramirez Garcia, | : | |
| | : | Case No. 1:26-cv-380 |
| Petitioner, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Habeas Petition and |
| Warden, Butler County Correctional | : | Denying as Moot Motion to Dismiss |
| Complex, *et al.*, | : | |
| | : | |
| Respondents. | : | |

Pending before the Court is the Petition for Writ of Habeas Corpus filed by Petitioner

Javier Ramirez Garcia and the unopposed Motion to Dismiss filed by Respondent Warden of the

Butler County Correctional Complex.  (Docs. 1, 4.)  Federal Respondents have filed a Return of

Writ opposing habeas relief.  (Doc. 9.)  This case presents the now-familiar question of whether

noncitizens who are detained by federal immigration officials years after entering the United

States without inspection are entitled to a bond hearing.  For the reasons below, the Court

answers the question affirmatively.  The Court will **GRANT** the Habeas Petition and **DENY AS**

**MOOT** the Warden's Motion to Dismiss.

**I.**

Ramirez Garcia, a native and citizen of Mexico, challenges his detention without a bond

hearing at the Butler County Correctional Complex while in the custody of Federal Respondents.

He entered the United States without inspection by an immigration officer in or about 2005.

(Doc. 1 at PageID 2; Doc. 1-6 at PageID 37.)  His wife filed a Form I-130 with the United States

Citizenship and Immigration Services ("USCIS") in 2021, the first step in the process for

Ramirez Garcia to apply for a Green Card.  (Doc. 1-3 at PageID 27.)  Ramirez Garcia filed a

1

USCIS Form I-601A Application for Provisional Unlawful Presence Waiver in 2023.  (Doc. 1-4 at PageID 29.)  He was detained by ICE on March 26, 2026 following his arrest for assault.  (Doc. 1-6 at PageID 37; Doc. 9-1 at PageID 70.)

DHS instituted removal proceedings under the Immigration and Nationality Act ("INA") § 240, 8 U.S.C. § 1229a, on March 27, 2026.  (Doc. 1-5 at PageID 32.)  DHS charged Ramirez Garcia with a violation of INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i) for being "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*)  An online merits hearing in the removal proceedings is set for May 22, 2026.  (Doc. 9-8.)  Ramirez Garcia requested a bond hearing during his immigration proceedings on April 9, 2026.  (Doc. 1-7 at PageID 41–43.)  The Immigration Judge denied bond on April 14, 2026 finding that he "lack[ed] jurisdiction" to consider the bond request.  (Doc. 1-8 at PageID 44.)  Ramirez Garcia filed an appeal of that decision with the Board of Immigration Appeals.  (Doc. 9-5 at PageID 92–94.)

Ramirez Garcia asserts in the Habeas Petition that he is being unlawfully held and denied a constitutionally adequate custody redetermination hearing—a bond hearing—in a misapplication of the INA, 8 U.S.C. §§ 1225(b)(2)(A) and 1226(a).  He asserts that his statutory and due process rights are being violated.  Federal Respondents disagree.

The Court has faced the same legal issues in other immigration cases the past few months.  Federal Respondents concede that the facts here are not materially different from those in the earlier cases.  (Doc. 9 at PageID 65.)  The Court again holds that detainees like Ramirez Garcia, who entered the United States years ago without an inspection, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(A)(2).  Rather, they are detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing.  Therefore, Federal Respondents are violating Ramirez

Garcia's statutory rights under the INA and due process rights under the Fifth Amendment by detaining him without a bond hearing. *See*, *e.g.*, *Ramirez Quintana v. Lynch*, 1:25-cv-919, 2026 WL 746359 (S.D. Ohio Mar. 17, 2026); *Valdez Lopez v. Raycraft*, No. 1:26-cv-68, 2026 WL 900063 (S.D. Ohio Apr. 2, 2026); *Rocha Gonzalez v. Lynch*, No. 1:26-cv-77, 2026 WL 962004 (S.D. Ohio Apr. 9, 2026).[1]

## II.

The Habeas Petition (Doc. 1) is **GRANTED**. The Court ORDERS that within seven days of entry of this Order, Respondents shall either (1) provide Ramirez Garcia with a due process compliant, individualized bond redetermination hearing before an Immigration Judge; or (2) release Ramirez Garcia from custody. If Respondents choose to provide a bond hearing in lieu of releasing Ramirez Garcia from custody, then:

(1) Respondents shall provide a copy of this Order to the Immigration Judge before any hearing;

(2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;

(3) Respondents shall bear the burden of persuasion to justify Ramirez Garcia's continued detention and adduce clear and convincing evidence that Ramirez Garcia is a danger to the community or a risk of flight. *See Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (setting forth evidentiary standard), *reh'g en banc denied* (Oct. 24, 2025); *Soto-Medina v. Lynch*, No. 1:25-CV-1704, — F. Supp. 3d —, 2026 WL 161002, at *9–11 (W.D. Mich. Jan. 21, 2026) (same); *Azalyar v. Raycraft*, 814 F.Supp.3d 926, 935 (S.D. Ohio 2026) (same); and

(4) the Immigration Judge shall consider whether less restrictive alternatives to detention can reasonably address the Government's interest, as well as Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 WL 2938993, at *1 (S.D.N.Y. Oct. 16, 2025).

The Court further ORDERS that within ten days of entry of this Order, Respondents shall file a report informing the Court whether and when a due process compliant, bond redetermination

---

[1] Because the Court finds the denial of a bond hearing violates the INA and the Due Process Clause, the Court has not addressed whether Respondents have violated the Administrative Procedure Act as well.

3

hearing was held or whether and when Ramirez Garcia was released from custody.[2]

The Warden's unopposed Motion to Dismiss (Doc. 4) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[2] Ramirez Garcia seeks attorney fees and costs.  (Doc. 1 at PageID 16.)  The Equal Access to Justice Act permits a court to award "reasonable fees and expenses of attorneys, in addition to costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States . . . ."  28 U.S.C. § 2412(b).  The Court will consider a motion for attorney fees and costs filed in conformity with the procedures set forth in the statute and the local rules.